MARIE KASSAY, Plaintiff, v. HENRY KASSAY, Defendant.

Supreme Court, Special Term, New York County, May 2, 1962.

*Louis Greenfield* for defendant. *Morrell Schwimer* for plaintiff.

SAMUEL M. GOLD, J. Defendant moves for dismissal of the complaint and each cause of action therein stated pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice or in the alternative for dismissal of the complaint and each cause of action therein stated pursuant to subdivision 5 of rule 107 as to that period of time which extends beyond six years prior to commencement of the action.

In a prior action plaintiff had charged fraud with respect to certain parcels of property. It appeared there that title had been held by defendant in the name of a third party when in July, 1947, record title was transferred to the plaintiff by a deed of conveyance, and by deed of conveyance made and delivered the same day, plaintiff did convey title to the defendant. The latter deed was later recorded. On motion of the defendant for summary judgment the complaint was dismissed. An appeal from the order and judgment has been discontinued.

By the first cause of action here plaintiff alleges in effect that defendant falsely represented that plaintiff was and remained in fact the owner; she rendered management services to October, 1959 and she seeks the reasonable value thereof as the damage flowing from the representation. The charge of fraud in the prior action as to plaintiff's title and the charge of representation here are the same and inseparable. It was a necessary finding in the prior action that there was no fraud. A finding here in plaintiff's favor must be based on fraud and would, therefore, impair and destroy the prior judgment. That such fraud is involved is demonstrated by the allegation of the second cause of action here by which plaintiff seeks recovery of the value of services rendered at defendant's request between July 1, 1947, and October 1, 1959. Ostensibly, in order to avoid the Statute of Limitations to any extent she alleges that her cause for services rendered accrued when she learned of the fraud by virtue of the prior action and judgment. Apart from the question whether fraud is available in an action for services rendered at defendant's request, the fraud relied on for the present purpose of the

second cause is the fraud which by the prior action and judgment was found not to exist. Involved in the prior action was not alone a question of ownership, but of ownership in trust, and either plaintiff had held legal and equitable title or she had held the property in trust and defendant was, in fact, the equitable owner. Absence of fraud was a necessary finding to the conclusion that the defendant in the prior action was the equitable owner.

Plaintiff's confusion arises from insisting that she discovered the fraud by virtue of a judgment which necessarily involved a finding of absence of fraud and that the two deeds executed in July, 1947, were separate transactions when they were inseparable. Her present endeavor is to establish that each deed was the subject of separate trick and device when, in fact, the claim in the prior action was that both deeds were the subject of the same trick and device involving the claimed fraud as a unitary transaction. To put it differently, plaintiff argues there was involved a claim of trick and device by which plaintiff acquired title, and a trick and device by which she was deprived of title. The transaction was single and so found, and it was further found that there had been no fraud or trick by which plaintiff acquired title at any time or that there was any fraud at any time by which she was deprived of title.

It is, therefore, established conclusively that a prior adjudication bars the maintenance of this action. The motion is granted.